FILED

2008 Oct-24  AM 11:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **BETTY J. HOLLIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:07-CV-2061-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner,** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION

Plaintiff Betty J. Hollis (hereinafter "Ms. Hollis" or "Hollis") brings this action pursuant to 42 U.S.C. § 405(g), § 1383(c)(3) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), which denied her application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).[1] Ms. Hollis timely pursued and exhausted her administrative remedies

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

available before the Commissioner.  The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.[2]  As discussed below, the court concludes that the decision of the Commissioner is due to be reversed and the case remanded.

## FACTUAL AND PROCEDURAL HISTORY

Ms. Hollis was a 21-year-old female at the time of her hearing before the Administrative Law Judge (hereinafter "ALJ").  (R. 20).  She has only a minimal education, and did not graduate from high school (R. 20, 327).  Her past work experiences include employment as a deboner at a chicken plant, at a fast food restaurant, and as an assembly worker.  (R. 324-27).  Ms. Hollis claims an onset of disability as of June 14, 2004 due to a learning disability, attention deficit hyperactivity disorder (ADHD), adjustment disorder with anxiety, hypertension, hypoglycemia, obesity, dyslexia, dyscalcula, and a variety of other medical ailments. (R. 19, Pl. Brief 1).  According to the claimant, and confirmed by a vocational expert examined at the hearing conducted in front of the ALJ, the claimant has no substantial work history.  (R. 324-27, 347).  Her last period of work ended in early 2005.  (R. 327).

_____

[2] 42 U.S.C. § 1383 (c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

2

Ms. Hollis filed her application for a period of disability and DIB on July 14, 2004.  (R. 19).  She also filed a Title XVI application for SSI on July 14, 2004.  (R. 19).  The Commissioner denied her claim, and Ms. Hollis filed a timely written request for a hearing on August 18, 2004.  (R. 30).  The ALJ conducted the hearing on December 21, 2005.  (R. 321).  The ALJ concluded that Ms. Hollis was not disabled and denied her application on March 6, 2006.  (R. 28-29).

Ms. Hollis filed a Complaint on November 14, 2007, which asks this court to review the ALJ's decision.  (Doc. 1).  Further, Ms. Hollis also filed a Motion to Remand on March 7, 2008, due to the presence of new evidence.  (Doc. 6).  This court has carefully considered the record and reverses the decision of the ALJ and remands the case due to reasons further discussed in this opinion.  Further, the court grants the Motion to Remand filed on March 7, 2008 to consider new evidence.[3]

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether there as an application of proper legal standards.  *Richardson v. Perales,* 402 U.S. 389, 390

---

[3] *See* discussion *infra* "Hollis' Motion to Remand."  The court directs the new evidence to be considered on remand but notes that it expresses no opinion on whether the new evidence is appropriate or material to the matter, leaving that to the Commissioner's discretion in the first instance.

(1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*.

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits a claimant must provide evidence about a "physical or mental

---

[4] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2008.

4

impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(I-v). The Commissioner must determine in sequence:

(1)    whether the claimant is currently employed;
(2)    whether the claimant has a severe impairment;
(3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4)    whether the claimant can perform her past work; and
(5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote*,

67 F.3d at 1559.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

Using the above five-step process for disability determination, the ALJ concluded Hollis is not disabled and therefore not entitled to the requested disability benefits.  Below is a summary of the ALJ's findings:

**(1)     Employment**

The ALJ found that Ms. Hollis has not engaged in substantial gainful activity since the alleged onset of her disability on June 17, 2004.  (R. 19).  Additionally, the ALJ found that Hollis is not employed.  *Id*.

**(2)     Severe Impairment(s)**

The ALJ found that Hollis does have severe impairments pursuant to 20 C.F.R. § 404.1520(c).  (R. 25).  More specifically, those severe conditions are obesity and learning disorder.  *Id*.  This finding was based on examinations from several individuals including a psychologist, state medical consultant, and a therapist, as well as the ALJ's oral examination of the claimant.  (R. 21-25).

**(3)     Severe Impairment(s) within Regulations**

The ALJ found that the medically determinable impairments of Hollis (obesity and learning disorder), in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Appendix I, Subpart P, of the Social

Security Regulations.  (R. 25).

**(4)     Past Relevant Work**

The ALJ found that Hollis is unable to perform any past relevant work under

20 C.F.R. §§ 404.1565 and 416.965.  (R. 27).  The ALJ also concluded that Ms.

Hollis does not have the residual functional capacity (RFC) to perform her past

relevant work because she does not have any past relevant work.  *Id*.

**(5)     Capability of Performing Work in the National Economy**

The ALJ found that Hollis retains an RFC to perform entry-level type light

work, including work that does not require prolonged standing.[5]  (R. 27-28).  This

finding was determined by the medical evidence and other evidence under 20 C.F.R.

§§ 404.1565 and 416.965.  *Id*.  The ALJ concluded that this type of work existed in

significant numbers in the national economy.  (R. 28).

The ALJ also relied upon opinion evidence in forming this RFC conclusion.

(R. 27-28).  Furthermore, the ALJ used the three-part pain standard in forming this

RFC conclusion and evaluated the intensity, persistence, and limiting effects of

Hollis' symptoms to determine the extent to which they limit the claimant's ability

to do basic work activities.  *Id*.  In doing so, the ALJ made an adverse finding on the

---

[5] The definition of "light work" is that which involves lifting less than 20 pounds.  *See* 20 C.F.R. § 404.1567(b).

7

credibility of her statements concerning the intensity, persistence, or functionally limiting effects of pain or other symptoms, not substantiated by objective medical evidence. *Id*.

## FINDINGS AND HOLDINGS OF THE COURT

The court has carefully reviewed the record and finds that this case should be reversed and remanded.  Under the instant circumstances, the evidence in the record is not substantial to support the ALJ's conclusion that Hollis is not disabled and can perform light work because the ALJ's negative credibility finding in regard to Hollis's subjective pain testimony is not supported by substantial evidence.  The ALJ solely relied on objective medical testimony in finding a negative credibility finding and in determining Hollis is not disabled instead of relying on other factors as well.

Hollis bears the ultimate burden of proving her disability.  *Bowen v. Eckert*, 482 U.S. 137, 146 n.5 (1987).  She must prove in step one that she is not working, which Hollis established, and the ALJ confirmed.  (R. 19).  She must prove in step two that she has severe medical impairment(s), *Bowen*, 482 U.S. at 146 n.5, which her medical records establish, and the ALJ confirmed.  (R. 25).  At step three, the inquiry is whether Hollis' impairments are listed in Appendix 1 of the Social Security Regulations.  *McDaniel*, 800 F.2d at 1030 (citing 20 C.F.R. § 404-P, Appendix 1).  The ALJ determined that Hollis' impairments were not of the type listed in the

Appendix.  *Id*.

If, as here, a claimant does not suffer from a listed impairment, the process moves to step four, where "inquiry is whether [a claimant], despite his severe impairment, has the residual functional capacity to perform [her] past work." *McDaniel*, 800 F.2d at 1030; *see also* 20 C.F.R. § 416.965.  The ALJ in the instant case concluded that Hollis was not able to perform her past work.  (R. 27).  Finally, upon finding that Hollis could not perform her past work, at step five, the burden shifted to the Commissioner to prove there is other work in the national economy she can perform.  *McDaniel*, 800 F.2d at 1030 (citing 20 C.F.R. § 404-P, Appendix 1). The ALJ concluded that there was other work in the national economy that Hollis could perform.  (R. 28).

## ANALYSIS

The court can reverse a finding of the Commissioner if it is not supported by substantial evidence.  42 U.S.C. § 405(g).  "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th

Cir. 1980).[6]

## I.  THE ADMINISTRATIVE LAW JUDGE'S NEGATIVE CREDIBILITY DECISION CONCERNING HOLLIS' SUBJECTIVE PAIN TESTIMONY IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.

Hollis argues she meets the Eleventh Circuit's pain standard, and the ALJ's contrary decision is not supported by substantial evidence.  The court agrees.  More specifically, the ALJ's decision that she does not meet the pain standard is based on an inadequate negative credibility finding on Hollis' subjective pain testimony.  (R. 25).

The pain standard "applies when a disability claimant attempts to establish a disability through [her] own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  This standard requires evidence of an underlying medical condition and (1) objective medical evidence confirming the severity of the alleged pain, or (2) that the objective determined medical condition is of such a severity that it can reasonably be expected to cause the alleged pain. *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).  A claimant's statements about pain or other symptoms do not alone establish disability.  *See* 20 C.F.R. §§ 404.1529(a), 416.929(a).  Instead, medical signs and laboratory findings must depict

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

medical impairments that could reasonably be expected to produce the alleged symptoms. *See id.*; *see also Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (citing *Landry*, 782 F.2d 1551 (11th Cir. 1986)).  Even if a claimant meets the pain standard, the ALJ may then evaluate the intensity, persistence, and limiting effects of the alleged symptoms, such as pain. *See* 20 C.F.R. § 404.1529(c)(1).

Applying this standard to the present case, the ALJ correctly finds that medical signs and laboratory findings depict medical impairments that could reasonably be expected to produce the alleged symptoms.  (R. 25).  However, the ALJ determines "[claimant's] testimony of disabling pain and functional restrictions is disproportionate to the objective medical evidence." (R. 26).  As explained *infra*, the court finds that the ALJ's reasons for discrediting the claimant's pain testimony, while explicit, were not adequate as a matter of law because they are tied to objective medical records only. In relying solely on objective evidence in rendering his opinion, the ALJ did not follow the proper legal standard as set forth in 20 C.F.R. § 404.1529(c)(2), requiring an ALJ to rely on factors other than solely objective medical evidence in rendering an opinion.

The ALJ may reject a plaintiff's subjective complaints of pain if he finds them not credible. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).  However, if the ALJ discredits a claimant's testimony regarding the severity of her symptoms, that

11

determination must be supported by substantial evidence, and the ALJ must "articulate explicit and adequate reasons" for such. *Id.*

Furthermore, the ALJ may not reject the claimant's statements as to the intensity and persistence "solely because the available objective medical evidence does not substantiate [a claimant's] statements." 20 C.F.R. § 404.1529(c)(2); *see also* SSR 96-7p; *Davis v. Astrue*, No. 07-11648, 2008 WL 2673876, at *12 (11th Cir. 2008) (vacating and reversing decision of ALJ because he relied solely on objective evidence and did not consider subjective testimony or symptoms); *May v. Commissioner of Social Sec. Admin.*, 226 Fed. App'x. 955, 959 (11th Cir. 2007) (noting that "an ALJ cannot reject [a] claimant's statements as to intensity and persistence of her symptoms solely because they are not substantiated by objective medical evidence."). The ALJ is bound to consider other evidence, in addition to the objective medical evidence, because "symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone." 20 C.F.R. § 404.1529(c)(3). This "other evidence" includes statements made by the claimant in testimony during administrative hearings concerning the claimant's restrictions, daily activities, frequency and intensity of symptoms; any precipitating and aggravating factors; medication taken and any resulting side effects; and any other measures taken to alleviate the symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3) and

12

416.912(b)(3).  Using these "other evidence" factors, the ALJ must show substantial evidence supporting his attempt to discredit the claimant's pain testimony.  *Id*.

As discussed *infra*, the ALJ did not articulate "other evidence" factors to support a finding of substantial evidence to discredit Hollis' pain testimony.  The ALJ notes that Hollis complained of serious migraine headaches but that medical records indicated only minimal medical treatment for them.  (R. 26).  However, this alone does not show that Hollis' testimony as to severe migraines is not credible and, indeed, the ALJ is using solely objective medical evidence to make that determination.

The ALJ also suggests that Hollis claimed she broke her ankle but medical records tended to show that she did not.  (R. 27).  On the surface, this disparity between testimony and medical records is more supportive of an argument that the ALJ did consider "other evidence" than solely objective evidence to make a decision, assuming that the ALJ caught Hollis in a lie.  However, the actual evidence in the record does show that Hollis injured her ankle on several occasions.  *Id*.  Further, it appears as though, from the line of questioning from the ALJ during the hearing, Hollis may have been confused as to the questioning regarding her ankle[7] and did not

---

[7] During the hearing, the ALJ asked Hollis, ". . .you've broken your ankle again recently.  Is that true?"  (R. 329).

intend to fabricate the truth to the degree to give her subjective testimony a negative credibility finding.  (R. 329)

## *HOLLIS'S SUBJECTIVE PAIN TESTIMONY AND RELATED LIMITATIONS*

Ms. Hollis gave detailed testimony about her pain and related limitations.  She noted that she missed many days at her previous employment due to migraine headaches.  (R. 327).  She also testified that her migraine headaches are ongoing and usually last anywhere from four to six hours.  (R. 332).  She noted that she is unable to take medication for her migraines due to the cost of the migraine headache drugs.  (R. 333).  She testified as to difficulty in attempting to pass the GED and repeating grades in elementary school.  (R. 328).  Further, she noted that her learning disabilities include difficulty comprehending simple math, difficulty reading, and poor concentration problems.  (R. 329-31).  She maintained that her weight was in excess of 300 pounds and she suffers from blood pressure problems.  (R. 329).  Hollis stated that her blood pressure problems received treatment in excess of two months prior to the hearing and that her problems were possibly present before this without detection, according to her doctors.  (R. 337).  She testified that she has difficulty sleeping at night due to her pain and discomfort, and that a majority of her day (in excess of 18-20 hours) is spent laying around her home or sleeping.  (R. 338-39).

Hollis testified that she failed her driving test, both the written and road test

sections, several times apiece before getting her license due to her learning disability. (R. 340). She also noted that she experienced consistent pain and swelling in her feet, ankles, and knees. (R. 341). Due to this pain, coupled with her high blood pressure, she experiences dizziness and vomiting. (R. 342). She also testified as to her difficulties in working at Subway, as a chicken deboner, and as an assembler. (R. 343-46). She noted that her difficulties stemmed from difficulty in learning the processes at work and her lack of speed in working. *Id*.

## *ALJ'S EFFORTS TO DISCREDIT HOLLIS*

The ALJ attempts to discredit Hollis's subjective pain testimony and related limitations based upon one main reason consisting of several examples. While the ALJ expressly articulates each basis upon which he relies, as explained below, the court believes these examples are not adequate to discredit Hollis's subjective complaints and do not provide substantial evidence to deny her disability claim.

The exclusive reason the ALJ attempts to discredit Hollis's subjective pain testimony is based on alleged disproportionate testimony from Hollis that does not corroborate with objective medical evidence. (R. 26). The ALJ states that "[t]he record does not contain objective signs and findings that could reasonably be expected to produce the degree and intensity of pain and limitations alleged. There are no diagnostic studies to show abnormalities that could be expected to produce

15

such severe symptoms." *Id*. The ALJ noted that medical records showed that treatment for headaches were sparse and widely spread out. He noted that medical records from a treating psychologist indicated that Hollis had a desire to attend college, denied any psychiatric or mental health treatment, and was generally alert and interacted well. (R. 27). Additionally, the ALJ stated that medical records did not match testimony from the claimant of a broken ankle or excessively high blood pressure. *Id*. Finally, the ALJ noted that no medical records directly supported that Hollis needed to lie down or rest for 18-20 hours a day. *Id*.

However, although the ALJ asserts that the subjective testimony of Hollis is not supported by objective medical evidence, this is incorrect on several fronts. First, records from Diana Ellis, a disability counselor, note that Hollis had difficulty with memory and had poor daily life and social skills. (R. 81). Second, medical evidence from Dr. Lyons, a therapist whom the ALJ gives little weight to, notes that Hollis presented with high blood pressure, difficulty concentrating, difficulty sleeping, and an overall poor prognosis for improvement in most areas. (R. 134-36). Although the ALJ notes that a therapist is classified as an "other source" whose opinion is not entitled to controlling weight, this still tends to show corroboration between Hollis' testimony and objective medical evidence. Finally, medical records from Marshall Medical Center tend to show a variety of ailments for Hollis including severe ankle

16

pain, dizziness, abdominal pain, contusions, etc. (R. 153-191). All of these records tend to substantiate that Hollis did, in fact, suffer from many of the discomforts that she testified to.

Many of the statements made by Hollis during her testimony are not addressed at all by objective medical evidence and the ALJ does not attempt to dispute these statements. This further shows that the ALJ based his opinion solely on objective medical evidence rather than all of the evidence as a whole. It is unclear why he does not afford more weight to this testimony. First, Hollis testified as to severe migraine headaches and issues relating to these headaches including missing time from work and difficulty obtaining medication for the headaches. (R. 327, 329, 332-33). The ALJ states that medical records show a sparse record for doctor visits relating to these headaches. (R. 20). However, in doing so, the ALJ does not give deference to the testimony from Hollis that she, indeed, is suffering from these headaches. Second, Hollis testified as to high blood pressure and issues relating to this problem including dizziness, vomiting, and tie-ins with the migraine headaches. (R. 332, 341-42). Medical records corroborate this high blood pressure with Hollis's testimony. (R. 134-36). Additionally, the ALJ seems to indicate in his questioning of Hollis that the high blood pressure is among her greatest medical ailments (R. 334), but avoids discussing this serious condition in his opinion denying her claims. (R. 27). The ALJ

17

only mentions that medical records showed evidence of high flood pressure at times, but failed to address this symptom further in his opinion. *Id*. Third, Hollis testified as to her pain and discomfort in his knees, ankles, and feet. (R. 341). The ALJ does not make any comments on this subjective testimony except making the conclusory statement that there is no evidence showing that Hollis needs to lie down for 18-20 hours a day to alleviate pain. (R. 27). Finally, Hollis testified as to dizziness and vomiting due to high blood pressure. (R. 342). The ALJ makes no efforts to discredit this testimony, and appears to give it little weight.

### *OTHER CONSIDERATIONS FROM THE RECORD AND HOLLIS'S TESTIMONY*

Aside from the sole use of objective medical evidence used by the ALJ to attempt to discredit Hollis's subjective pain testimony, Hollis also testified as to several issues she experienced in relation to her learning disabilities, which the ALJ failed to adequately address. Hollis testified that she had difficulty in elementary school, having to repeat several grades. (R. 328). Additionally, she testified she has failed the GED on several occasions and has a general difficulty in comprehending academics. (R. 329-30). The ALJ notes that Hollis expressed a desire to Dr. Nelson, a licensed psychologist, to attend college and to attempt to take GED classes. (R. 26-27). However, this seems to ignore the fact that, although Hollis desires to attend

college and get her GED, this expression of a wish is not necessarily the equivalent of being able to realistically obtain such a goal. In fact, objective records from several sources indicate that Hollis did suffer from severe learning disability problems and functioned at an IQ level of anywhere from 70 to 80. (R. 99, 134-36). Although Hollis testified that she performed very poorly in math and reading, and made mostly F's, school records from Boaz Middle School do not appear to support this completely. (R. 220-28). Her grades from Boaz Middle School vary, with math grades ranging from C to F and reading grades being mostly A's or B's. *Id*. Her grades otherwise seemed to be decent, and her standardized test scores were in the average or low average range, though not remarkable. *Id*. However, even assuming that Hollis stretched the truth as to her middle school performance, this testimony alone is insufficient to indicate a complete lack of credibility as to her subjective complaints. Several pieces of objective medical evidence, as well as testimony by Hollis, show that she has difficulty remembering things. (R. 81, 99, 331). Further, testimony by Hollis about her difficulties in passing her driving test tends to substantiate the significant degree of her severe learning disabilities. (R. 340-41).

## *PAIN TESTIMONY CONCLUSION*

Although the ALJ states that objective medical evidence discredits subjective complaints of pain, this is insufficient under controlling regulations and case law to

provide substantial evidence to completely discredit the subjective testimony of Ms. Hollis about her pain and other related limitations.  *See* 20 C.F.R. § 404.1529(c)(2); *Davis*, 2008 WL 2673876, at *12 (vacating and reversing decision of ALJ because he relied solely on objective evidence and did not consider subjective testimony or symptoms); *May*, 226 Fed. Appx. at 959 (noting that "an ALJ cannot reject [a] claimant's statements as to intensity and persistence of her symptoms solely because they are not substantiated by objective medical evidence.").[8]  The ALJ continually uses solely a lack of objective evidence to discredit Hollis and does not afford her subjective testimony proper weight nor does he give weight to "other evidence" presented.  An ALJ "cannot reject the claimant's statements as to the intensity and persistence solely because they are not substantiated by objective medical evidence." 20 C.F.R. § 404.1529(c)(2).  Given the lack of other reasons for discrediting Hollis, as determined above by the court, the ALJ was improper in solely applying objective medical evidence as grounds to discredit Hollis's subjective statements.  Thus, given

---

[8] The undersigned has also rendered several decisions which relate to the ALJ's improper negative credibility findings based solely on objective medical evidence. *See Williams v. Astrue*, No. 5:07-CV-1914-VEH (Docs. 14, 15) (N.D. Ala. Aug. 5, 2008) (reversing and remanding under similar circumstances where the court found that the ALJ used solely objective medical evidence to make a negative credibility finding as to subjective pain testimony from plaintiff); *see also Malone v. Astrue*, No: 5:07-CV-2351-VEH (Docs. 11, 12) (N.D. Ala. July 24, 2008 (same).

the context of the entire record, the ALJ has not adequately discredited Hollis'

subjective complaints about pain and her related self-described limitations.  This

appeal is due to be remanded for this independent reason.[9]

## PLAINTIFF'S MOTION TO REMAND

On March 7, 2008, following the initial decision of the ALJ to deny benefits

to claimant, Hollis filed a Motion to Remand the case to the Commissioner to review

new evidence submitted to the Appeals Council.  (Doc. 6).  The pieces of new

evidence include: (1) Medical records from Mountain Lake Behavioral Healthcare;

---

[9] Because the court reverses and remands on the pain standard issue alone, it does not address the other matters raised on appeal.  These other matters include:

2. The finding that Claimant has the residual factors of capacity to perform light work is not supported by substantial evidence.  The Residual Function Capacity Finding is conclusionary and violates SSR-9b-8a.

3. The Appeals Council should have remanded the case based on newly submitted evidence.

4. The ALJ failed to develop the record.

5. The denial is not based on substantial evidence.

6. The ALJ failed to consider the combination of Claimant's impairments.

7. Claimant meets Listing 12.05(c).

Pl. Brief 4.

(2) Medical records from Dr. David Wilson, a psychologist; (3) Medical records from Quality of Life Health Services; (4) School records from Boaz Middle School; and (5) Medical records from Marshall Medical Center.

In light of the case being reversed and remanded for further proceedings due to error in determining the pain standard, the court grants the Motion to Remand and directs consideration of the new evidence on remand.  The court sees no harm in considering this new evidence on remand since the case is being remanded on other grounds anyway.  The court has found no controlling case law or other applicable rule indicating that requiring the consideration of additional evidence upon remand under these particular circumstances is improper.  In doing so, the court notes that it is not deciding whether these new pieces of evidence are material, and will allow the Commissioner to make that determination in the first instance.

## CONCLUSION

In social security disability cases, the district court must review the ALJ's opinion and "determine whether its conclusion, as a whole, is supported by substantial evidence in the record." *Foote*, 67 F.3d at 1558 (citing 42. U.S.C. § 405(g)).  Based upon the court's evaluation of the evidence in the record, and the submissions of the parties, the court finds that the Commissioner's final decision is not supported by substantial evidence.    Accordingly, the decision of the

Commissioner is reversed and the case remanded.    42 U.S.C. § 405(g).[10] Additionally, the Motion to Remand to consider new evidence submitted to the Appeals Council is granted.

      **DONE** and **ORDERED** this the 24th day of October, 2008.

_VIRGINIA EMERSON HOPKINS_
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[10] The fourth sentence of 42 U.S.C. § 405(g) states "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

23